## UNITED STATES v. GOTTA.

### No. 37627.

District Court, E. D. New York.

Feb. 21, 1939.

Vine H. Smith, U. S. Atty., of Brooklyn, N. Y.

Peter P. Spinelli, of St. George, S. I., for defendant.

BYERS, District Judge.

This is a motion by the defendant Gotta noticed for February 6, 1939, but actually heard eleven days later, for leave to withdraw a plea of guilty, entered on January 6, 1939, to an indictment charging conspiracy.

It will be seen that the motion was not made within the ten day period prescribed by the Rules of Practice and Procedure, etc., in criminal cases [rule II(4), 28 U.S. C.A. following section 723a] adopted by the Supreme Court May 7, 1934, and effective on and after September 1, 1934.

It is unnecessary to consider whether the Rules intended to deprive the court of all power to entertain such a motion after the lapse of ten days, where the interests of justice might so require, because it seems that this defendant is trifling with the court.

Apparently he takes the position that he was guilty of possessing and maintaining a certain still (having on a prior occasion pleaded guilty to an indictment in which he was so charged) but that he was not guilty of a conspiracy in so doing.

It is true that the conspiracy now charged embraced other stills and establishments in addition to the one in question.

I interrogated the defendant at the time of his arraignment and specifically asked him if he understood that by pleading guilty he rendered himself liable to a jail sentence, and upon receiving an audible answer in the affirmative, accepted the plea.

This was after the Clerk had asked him if he knew that he was charged with a conspiracy involving the still in question, and he stated that he understood that fact.

It is true that he was not represented by counsel, and that he did not request the court to assign one to him.

Under these circumstances, the motion is denied, for I feel sure that the ultimate disposition of the case will be consistent only with the requirements of justice as to him and all other defendants.

Settle order.